UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHANDRY JOSE SURMAY-CARRION,

Petitioner,

v. Case No.: 2:26-cv-02836-SPC-NPM

DAVID HARDIN *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court is Johandry Jose Surmay-Carrion's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Surmay-Carrion's reply (Doc. 7).

Surmay-Carrion is a native and citizen of Venezuela who entered the United States on November 4, 2022. The Department of Homeland Security (DHS) paroled him into the country. He has a pending asylum application, work authorization, and no criminal record. He included his home address on his asylum application, appeared for a biometrics appointment, and files federal income tax returns. On October 11, 2026, Border Patrol agents arrested Surmay-Carrion because of his immigration status. He was not in removal proceedings at the time of his arrest. CBP issued an I-200 Warrant for Arrest of Alien and a Notice to Appear the next day. Both forms indicate

they were served on October 12, 2026, but Surmay-Carrion claims he did not receive them. The NTA supports that claim. It lists Surmay-Carrion's address as Glades County Detention Center, and he was not transferred there until October 13, 2026.

The government's response mischaracterizes the facts. It states local authorities encountered Surmay-Carrion during a routine traffic stop on October 11, 2026, a warrant and NTA were issued on October 12, 2026, and Surmay-Carrion was transferred to federal custody on October 13, 2026. The government's own records show that CPB agents conducted the traffic stop and arrest after running Surmay-Carrion's license plate number through a database. Local authorities were not involved, and Surmay-Carrion was in federal custody since the moment of his arrest. The Court reminds the respondents' counsel of his obligation under Federal Rule of Civil Procedure 11.

In his habeas petition, Surmay-Carrion argues his warrantless arrest and detention violated the Fifth Amendment, the Immigration and Nationality Act, and implementing regulation. In response, the government certifies it is detaining Surmay-Carrion under 8 U.S.C. § 1226(a) and argues he failed to exhaust administrative remedies by requesting a custody redetermination hearing under 28 C.F.R. § 1003.19. That regulation allows individuals in immigration detention to request review of custody determinations made

under 28 C.F.R. part 1236. But Surmay-Carrion is not arguing the government made an incorrect initial custody determination. Rather, he claims the government violated the Fifth Amendment by arresting and detaining him without the process required in 28 C.F.R. part 1236. Exhaustion is not required here because the immigration courts cannot consider Surmay-Carrion's constitutional claims. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018).

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize

the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Surmay-Carrion the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

There was no legal basis for the arrest because Surmay-Carrion was not yet in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. In fact, it is undisputed that Surmay-Carrion was living openly in the United States after being paroled by DHS, that participated in his immigration case by applying for asylum, obtain work authorization, and providing biometric data, and that he engaged with the state and federal governments by filing tax returns, registering his vehicle, and obtaining a driver's license.. What is more, officials did not suspect Surmay-Carrion of any criminal activity. The government provides no reason for urgency here.

The government violated Surmay-Carrion's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Johandry Jose Surmay-Carrion's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Surmay-Carrion within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 3, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record